UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

sFOX, INC.,

          Plaintiff,

    v.

MICHAEL M. KESSLER,

          Defendant.

Case No.  2:25-cv-3227-JAM-JDP

ORDER

Pending before the court is plaintiff sFOX, Inc.'s unopposed motion for leave to serve a third-party subpoena on Comcast Cable Communications.  ECF No. 27.  Specifically, plaintiff seeks an order to allow Comcast to respond to subpoenas pursuant to the Cable Communications Privacy Act ("Cable Act"), 47 U.S.C. § 551(c).

Plaintiff alleges that defendant Michael Kessler opened a fraudulent account and stole over one million dollars from plaintiff's trading platform.  ECF No. 1.  Defendant has denied most allegations and instead asserts that third-party defendant Mel Rutledge and others opened the account in his name.  ECF No. 16.  Plaintiff maintains logs of IP addresses that use certain accounts and has three IP addresses that accessed the account at issue.  ECF No. 27 at 3.  Plaintiff seeks disclosure from Comcast for information, including the names, addresses, telephone numbers, email addresses, and payment records, for these three IP addresses.  *Id.* at 4.  Defendant does not oppose the motion.  *See id.* at 2.

1

The Cable Act provides in pertinent part that "a cable operator shall not disclose personally identifiable information concerning any subscriber without prior written consent or electronic consent of the subscriber."  47 U.S.C. § 551(c)(1).  However, a cable operator *may* disclose such information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  47 U.S.C. § 551(c)(2)(B).

Having thoroughly reviewed plaintiff's motion, the supporting declaration, and defendant's lack of opposition, and finding good cause, it is hereby ORDERED that:

1.  Plaintiff's motion to serve third-party subpoenas, ECF No. 27, is GRANTED.

2.  Any subpoenaed entity which qualifies as a "cable operator" in this matter, as defined by 47 U.S.C. § 522(5), must provide the subscriber with notice of this order pursuant to 47 U.S.C. § 551(c)(2)(B).

3.  Any subpoenaed entity which qualifies as a "cable operator" in this matter shall have seven days after service of any subpoenas to notify the subscriber(s) that their identity has been subpoenaed by plaintiff.  Any subscriber whose identity has been subpoenaed shall have twenty-one days from the date of such notice to file a responsive pleading or a motion to quash.

IT IS SO ORDERED.

Dated:    May 6, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2