UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| sFOX, INC., a Texas corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL M. KESSLER, an individual,<br><br>              Defendant. | No.  2:25-cv-03227-JAM-JDP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE** |

This matter is before the Court on Plaintiff sFox, Inc.'s motion to strike the majority of Defendant Kessler's affirmative defenses.  ECF No. 18, sFox's Motion to Strike Affirmative Defenses 3-6, 8-10, 17-18, 22, 23-25, 28, 30 ("Mot.").  The matter is fully briefed.[1]  ECF No. 19, Defendant's Opposition to Plaintiff's Motion to Strike ("Opp'n"); ECF No. 20, Plaintiff's Reply in Support of its Motion to Strike ("Reply").  For the reasons detailed below, Plaintiff's motion is denied.

---

[1] This motion was determined to be suitable for decision without oral argument.  See ECF No. 22; E.D. Cal. L.R. 230(g).

1

                              I.    OPINION

     In November 2025, Plaintiff initiated a lawsuit against Defendant Kessler "to recover digital assets he stole from [Plaintiff]'s trading platform."  Mot. at 3.  Attached to Plaintiff's complaint are over a hundred pages of documents, including an executed Terms of Service agreement and a "Post-Trade Settlement Agreement."  See ECF No. 1, Compl.  Following Defendant's answer to the complaint (ECF No. 15), Plaintiff filed the pending motion to strike most of Defendant's affirmative defenses.  See Mot.

     A.    Legal Standard

     Federal Rule of Civil Procedure 12(f) authorizes motions to strike "an[y] insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, "broad motions to strike rarely avoid the expenditure of time and money and are generally disfavored."  United States v. Gibson Wine Co., No. 1:15-cv-1900, 2016 WL 1626988, at *4 (E.D. Cal. Apr. 25, 2016) (citations omitted) (also noting motions to strike affirmative defenses "often needlessly extend litigation.").

     B.    Analysis

     Plaintiff moves to strike the majority of the affirmative defenses from Defendant's answer, asserting they fall into two categories, negligence-based and contract-based affirmative

                                    2

defenses, and both are legally insufficient.  See Mot.

Although Plaintiff claims "Courts in this district routinely strike affirmative defenses," the opposite is true. It is well establish that "Rule 12(f) motions to strike[] are 'generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'"  Lund v. Datzman, No. 2:19-cv-2287, 2025 WL 2779354, at *2 (E.D. Cal. Sep. 30, 2025) (quoting Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003); accord Opp'n at 3-4.

Plaintiff contends that affirmative defenses 3-6, 8, 17-18, 22, 24, and 30 are negligence-based affirmative defenses, and therefore inapplicable to the claims in the complaint.  See Mot. at 5-6.  Plaintiff also argues affirmative defenses 9-10, 23, 25, and 28 are contract-based affirmative defenses, and since there is no breach of contract claim, these defenses are "untethered to the [c]omplaint."  Id. at 6-7.  Plaintiff does not cite any cases supporting its theory that the cited defenses are legally inapplicable to the specific causes of action pled in the complaint.  Id. at 5-8 (citing, e.g., cases pled under 42 U.S.C. § 1983 and Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F.Supp.3d 986, 990-91 (E.D. Cal. May 20, 2016), involving unfair competition and labor law, which are inapposite).  Instead, Plaintiff simply argues none of the causes of action "sound in negligence, nor would any of these claims be subject to a comparative fault among tortfeasors," and do not arise from a breach of contract, despite acknowledging the "contracts [that are] annexed to the [c]omplaint," and

3

therefore, the asserted affirmative defenses are legally insufficient.  Id.

A recent case from this district, Lund v. Datzman, is instructive here.  No. 2:19-cv-2287, 2025 WL 2779354 (E.D. Cal. Sep. 30, 2025).  In Lund, the district court denied the plaintiff's motion to strike nearly all of the defendants' affirmative defenses.  Id.  The court in Lund highlighted other district court and Ninth Circuit cases reiterating, "[i]f a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery," and "[e]ven when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."  Id. at *2 (quoting Springer v. Fair Isaac Corp., No. 2:14-cv-02238, 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015) and S.E.C. v. Sands, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995), and citing Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970 (9th Cir. 2010)).  As part of its denial of the plaintiff's motion to strike, the Lund court "agree[d] with [d]efendants that their affirmative defenses are proper and related to the facts at issue in this case.  The Court notes that for several affirmative defenses, Plaintiff's arguments about their legal sufficiency are based on conjecture about what the evidence will uncover and what theories will be advanced."  Id. at *3.  Like the defendants in Lund, Defendant here argues its affirmative

4

defenses are related to allegations in the complaint. See Opp'n at 3-7. The Court agrees.  Plaintiff has failed to meet its burden here demonstrating the asserted defenses are insufficient, redundant, immaterial, or impertinent. Accord Lund, 2025 WL 2779354, at *2-5.  Accordingly, Plaintiff's motion is denied in its entirety.

## II.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Strike.

IT IS SO ORDERED.

Dated: May 12, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

5